IN THE MATTER OF THE ESTATE OF ROBERT HOPKINS, DECEASED.    R. HENRY HOPKINS v. JAMES H. HOPKINS ET AL., EXECUTORS, ETC.

*Estates of deceased persons—Accounting by executor—Estoppel.*

Where on the hearing of the final account of an executor, in which he credits himself with the amount of a government

bond delivered to the testator in his lifetime, the heirs join in a request for a finding of fact that the testator did not owe the executor, at the time of his death, any amount whatever except the amount of the bond, with interest, and one other item, such request amounts to an admission by the heirs that the estate was indebted to the executor in the amount of the bond, and the heirs are estopped from objecting to such credit on the trial of an appeal from the allowance of the account.

Error to Kalamazoo.    (Buck, J.)    Argued January 18, 1894.    Decided February 12, 1894.

Appeal from the allowance of the final account of executors.    R. Henry Hopkins, one of the heirs, brings error. Affirmed.    The facts are stated in the opinion.

*Alfred S. Frost* (*Osborn & Mills*, of counsel), for appellant.

*William Shakespeare* and *William G. Howard*, for appellees.

LONG, J.    On October 20, 1866, Robert Hopkins died testate, leaving a widow and five minor children surviving him.    The will was admitted to probate December 28, 1866, and letters testamentary issued to James H. Hopkins, David Swift, and Martha Hopkins, who were named as executors and executrix in said will.    They filed a joint bond as such, and entered upon the discharge of their duties, but rendered no account until April 11, 1890, when they were summoned into the probate court for that purpose at the instance of some of the heirs.    Each filed separate accounts, and it appears that the heirs were not satisfied with the accounts as allowed by the probate court, and Robert Henry Hopkins, a son of the deceased, appealed to the circuit court.

At the hearing in probate court, James H. Hopkins, as executor, presented an account showing that there had come into his hands moneys from the sale of certain real

estate, interest on mortgage, and some personal property, to the amount of $1,108.33; that he had paid out and expended for the estate $1,202.03,—leaving a balance his due, as executor, of $93.70, together with some bills for printing. Among the items with which he credited himself in the account was the amount of a certain government bond, and the interest thereon, which it was claimed the deceased had had from him during his lifetime. In the claim of appeal taken by R. Henry Hopkins from the allowance of this account, the reasons for the appeal are stated as follows:

1. That the judge of probate erred in allowing the credits claimed in the several accounts in favor of the said executors, as well as in disallowing the items sought to be charged against them, and each of them.

2. That there was no basis, under the evidence in the case, to justify the finding of the court of the balance struck and determined upon the account or accounts of said executors, as found and determined, and the rights of the appellant were greatly prejudiced by reason thereof.

The usual order was entered by the judge of probate, allowing this appeal. The bond was given, and the return made by that court to the circuit court. The cause came on to be heard in the circuit court, and, it appears, without any formal pleadings.

On the trial in the circuit court before the jury, James H. Hopkins produced from the files of the probate court the exceptions taken to his account by R. Henry Hopkins and the other heirs. It appears from these papers that four exceptions were taken to debits of said executor's account, and 20 exceptions to the credit side. These exceptions are quite specific, and are signed by Martha Hopkins; Joel C. Hopkins; R. Henry Hopkins; Albert E. Hopkins, by R. Henry Hopkins, his guardian; John W. Hopkins and Ida M. D'Emery, by R. Henry Hopkins, their agent and attorney in fact. A paper was also produced

from the probate court, and introduced in evidence, show-
ing that on the hearing in the probate court the widow
and all the heirs of Robert Hopkins, deceased, filed in
that court a number of requests for findings of fact; among
others, as follows:

"That at the time of his death the said Robert Hopkins
did not owe said James H. Hopkins any amount whatever,
except the purchase price of the U. S. 7-30 bond of $1,000
and interest thereon from April 4, 1866, and the further
sum of $15 on account of a steer."

The only contention in this Court relates to this $1,000.
It is claimed that the court below erred in permitting the
jury to credit James H. Hopkins with the amount of this
bond, and in charging the jury that Hopkins could credit
himself with it, as it had not been presented as a claim
against the estate, or allowed as such by the judge of pro-
bate sitting as a commission. We are of the opinion that
the appellant is not now in a position to make that claim.
In the probate court, it was not put in contest, but the
heirs asked an express finding that the estate was indebted
to him in only that amount and interest, and the $15.
It was, in fact, an admission by all the parties that the
estate was indebted to James H. Hopkins in the amount
of the bond, and they are now estopped by that admission.

Judgment affirmed.

McGrath, C. J., Grant and Montgomery, JJ., con-
curred. Hooker, J., did not sit.